

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# USA v. Veloz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2900

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Veloz" (2009). *2009 Decisions.* Paper 2051.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2051

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-2900
_____

UNITED STATES OF AMERICA

v.

MARTIN VELOZ

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Case No. 91-CR-00487-2
(Honorable Edmund V. Ludwig)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 8, 2008

Before: McKEE, SMITH, and ROTH  *Circuit Judges*

(Filed: January 13, 2009)

**OPINION OF THE COURT**

McKEE, <u>Circuit Judge</u>

Martin Veloz appeals his sentence of 103 months imprisonment as well as the district

court's denial of his motion to withdraw his guilty plea.  For the reasons that follow, we will

affirm the judgment of sentence and the denial of his motion to withdraw the plea.

**I.**

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history.

Rule 11(d) of the Federal Rules of Criminal Procedure provides :

> A defendant may withdraw a plea of guilty . . . after the court accepts the plea but before it imposes sentence if . . . The defendant can show a fair and just reason for requesting the withdrawal.

Fed. R.Crim.P. 11(d)(2)(b). In considering whether a defendant has established a "fair and just reason" for withdrawal, the district judge must consider (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reason to withdraw the plea; and (3) whether the government would be prejudiced by the withdrawal. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003); *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *United States v. Huff*, 873 F.3d 709, 711 (3d Cir. 1989).

Veloz contends that he is innocent because his actions "only make him guilty of [an] attempt to possess cocaine with intent to distribute." *See* Def. App. Br. at 17. However, an "assertion of innocence must be buttressed by facts in the record that support a claimed defense." *Brown*, 250 F.3d at 818 (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998)). Veloz's attempt to assert his innocense at this late date falls woefully short of a meaningful assertion of innocence. He claims that he was not going to "cook" the cocaine himself, but that ignores that he can be charged as a principal under the theory of aiding and abetting. Indeed, the record here shows that Veloz took the substantial step of meeting persons he believed were cocaine suppliers with a large amount of money. He also aided and abetted his

2

customers in their attempt to manufacture cocaine base.  It is therefore not relevant whether he actually intended to convert the cocaine into crack rather than his customers. *See Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949) (Aiding and abetting occurs where defendant associates with a criminal venture, participating in that venture and seeks to make his actions succeed).

A motion to withdraw a guilty plea should not be granted solely because the defendant "had a change of heart after reading the presentence report and contemplating  the possible sentence." *Huff*, 873 F.2d at 711.  Veloz claims that he did not understand that he was pleading guilty to possession of cocaine with intent to manufacture cocaine base.  He again ignores that he knowingly admitted to facts that establish culpability as an aidor and abettor, and he does not claim that his sentencing exposure was not explained to him before he pled guilty.

Inasmuch as Veloz has not been able to establish either of the first two prongs of our inquiry, we need not address whether the government would be prejudiced by allowing him to withdraw his plea.  *Jones*, 336 F.3d at 255.   Nevertheless, assuming *arguendo* that he could establish innocence and sufficiently strong reasons to withdraw the plea, it is clear that the district court would still not have abused its discretion in denying his motion because the government can show prejudice.

Veloz entered his plea 13 years ago. The government's case agents are no longer stationed in Philadelphia and all of Veloz's co-defendants who entered guilty pleas and may have testified against him have already served theirs sentences and have since been released. Accordingly, even if Veloz had shown good cause for withdrawing his plea, the resulting prejudice to the government is more than ample grounds to deny the motion.

**II.**

Veloz also argues that the district court's sentence of 103 months was unreasonable because: (1) it did not consider the crack versus powder cocaine disparity; (2) he faced more serious restrictions in prison than a non-alien; (3) he was a victim of sentencing entrapment; and (4) he was entitled to a two-level reduction under the safety-valve provision.

The Supreme Court recently explained that we review sentences for abuse of discretion and reasonableness. *Gall v. United States*, 128 S.Ct. 586. *Id.* At 597. We must first ensure that the district court "committed no significant procedural error, such as ... failing to consider the 3553(a) factors... " *Id.* Where the district court's sentencing is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under the abuse-of-discretion standard," taking into account the totality of the circumstances. *Id.* The district court is required to consider each of the factors set forth in 18 U.S.C. § 3553(a) and "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (quoting *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007)).

Veloz does not argue that the district court failed to meaningfully consider the factors upon which it based his sentence. Rather, Veloz appeals his sentence on substantive grounds. As stipulated in the plea agreement, Veloz's criminal activity involved an attempt to purchase one kilogram of cocaine with intent to "cook" it into cocaine base. He had a guideline range of 38, based on his total offense level. [1] Veloz argues that the range for an offense involving crack cocaine in comparison with powder cocaine is fundamentally unfair and that the district court

---

[1] Veloz's base offense level was thirty-six. Taken with an adjustment of two for obstruction of justice, his total offense level was thirty-eight. With his criminal history of level one, the advisory sentencing guideline range was 235 to 293 months.

should have reduced his sentence based on this disparity.

We are, of course, aware of a retroactive Sentencing Guideline amendment that was effective as of March 3, 2008. That amendment addressees the crack-powder disparity by reducing the base offense level by two levels. Accordingly, Veloz is entitled to file an appropriate motion in the district court for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). Any relief based on the powder/crack disparity must first be addressed by allowing the district court to consider the amendment and determine if any reduction is appropriate.

Veloz also argues that the district court should have departed from the Guidelines because, as a deportable alien, he will not be eligible for a six-month halfway house, minimum security designation, early release, or credits for participation in a residential drug or alcohol abuse program. Although the district court was free to consider such factors when determining what sentence is appropriate, failure to favorably exercise its discretion on those grounds does not make the resulting sentence unreasonable.

Veloz also claims the sentence was unreasonable because he was a victim of sentencing entrapment, and it would therefore be unfair to impose the crack cocaine sentencing guidelines. Sentence entrapment occurs when a "defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment." *United States v. Tykarsky*, 446 F.3d 458, 447 (3d Cir. 2006 (quoting *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994)). We are not unsympathetic to arguments based on law enforcement agents who coax defendants to convert powder to crack cocaine solely because of the enhancement that will result under the guidelines. Nevertheless, on this record, we can not conclude that it was unreasonable for the court to impose the sentence that it did. The court will

5

certainly have discretion to consider this argument in lieu of the retroactive amendments to the crack guidelines if Veloz files a § 3582(c)(2) motion.

Finally, Veloz argues that he was eligible for a two level reduction under the "safety valve" provisions. The safety valve provisions, as incorporated into the sentencing guidelines, establish that a defendant shall be sentenced pursuant to the sentencing guidelines without regard to a statutory minimum sentence for certain drug offenses if the conditions set forth in 18 U.S.C. §§ 3553(f)(1)-(5) are satisfied. U.S.S.G. § 5C1.2. Accordingly, Veloz must show:

> (1) he does not have more than one criminal history point; (2) he did not use violence or credible threats of violence or possess a dangerous weapon in connection with the offense; (3) that the offense did not result in death or serious bodily injury to any person; (4) that he was not an organizer, leader, manager or supervisor of others in the offense and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. 848; and (5) he truthfully provided to the Government all information and evidence that he had concerning the offense(s) that were part of the same course of conduct or common scheme or plan, but the fact that he had no relevant or useful other information to provide or that the Government is already aware of shall not preclude a determination by the court that he complied with this requirement.

*Id.*

Veloz argues that he met all five criteria and that the district court therefore erred in not reducing his sentence. The argument ignores that the district court found that the safety valve provisions did not apply because (1) Veloz plead guilty in 1992, and the Safety Valve provisions were not in effect under 1994 and (2) "his conduct would have disqualified him if he had been - if it had been in effect." App 23. We agree.

## III.

For all of the above reasons, we will affirm the district court's judgment of sentence.

6